**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4289**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

BRANDON QUANE HUDSON, a/k/a Blade, a/k/a Blazer,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:20-cr-00093-1)

_____

Submitted:  October 31, 2022                    Decided:  January 25, 2023

_____

Before QUATTLEBAUM and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Rhett H. Johnson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Lisa G. Johnston, Acting United States Attorney, Courtney L. Cremeans, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Quane Hudson entered a conditional guilty plea to possession with intent to distribute cocaine base and methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Hudson to 180 months' imprisonment on each count, to be served concurrently. On appeal, Hudson challenges the district court's denial of his motion to suppress evidence seized from his residence during the execution of a search warrant. Finding no reversible error, we affirm.

"In reviewing a district court's denial of a motion to suppress, we review legal determinations de novo and factual findings for clear error." *United States v. Small*, 944 F.3d 490, 502 (4th Cir. 2019). The Fourth Amendment protects individuals from "unreasonable searches," and provides that "no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. An affidavit supporting a warrant that authorizes a search "must provide the magistrate with a substantial basis for determining the existence of probable cause" in light of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 239 (1983).

Here, the district court assumed without deciding that probable cause did not exist to support the search warrant, but concluded that the warrant was valid under the good faith exception. This exception, as articulated in *United States v. Leon*, 468 U.S. 897 (1984), holds that "evidence 'seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective' is not subject to suppression, despite the existence of a

2

constitutional violation."  *United States v. Brunson*, 968 F.3d 325, 334 (4th Cir. 2020) (quoting *Leon*, 468 U.S. at 905).  There are, however, four circumstances in which the good faith exception will not apply:

> (1) when the affiant based his application on knowing or reckless falsity; (2) when the judicial officer wholly abandoned his role as a neutral and detached decision maker and served merely as a "rubber stamp" for the police; (3) when the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant was so facially deficient that the executing officers could not reasonably have presumed that the warrant was valid.

*United States v. Wellman*, 663 F.3d 224, 228-29 (4th Cir. 2011).  If any of these circumstances are present, evidence gathered pursuant to that warrant must be excluded. *See United States v. Andrews*, 577 F.3d 231, 236 (4th Cir. 2009).  In assessing whether the exception applies, "our good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization" in light of "all of the circumstances."  *Leon*, 468 U.S. at 922 n.23.  Where, as here, "there are no facts in dispute, the applicability of the *Leon* exception . . . is purely a legal conclusion, and we review the district court's ruling de novo."  *United States v. DeQuasie*, 373 F.3d 509, 520 (4th Cir. 2004).

Hudson argues that the district court erred in denying his motion to suppress the evidence found during the search of his home based on the *Leon* good faith exception. Specifically, Hudson contends that the nexus between his alleged drug activities and the residence was so inadequate that the magistrate judge acted as a rubber stamp in signing

3

the search warrant, and that the supporting affidavit was so bare that no police officer could have reasonably relied on the warrant.

Our review of the record indicates that, even if the warrant was not supported by probable cause, the affidavit contained sufficient indicia of probable cause such that the investigator's reliance on the warrant was objectively reasonable. Here, the affiant investigator detailed his extensive and specialized drug investigation training, and relayed his knowledge of a local drug trafficking organization and his identification of Hudson as associated with the organization. Furthermore, the affiant presented facts from his investigation demonstrating that Hudson was dealing drugs in the area around his residence to establish a sufficient nexus between his home and the drug dealing activities. *See United States v. Williams*, 548 F.3d 311, 320 (4th Cir. 2008) (concluding that courts may rely on an officer's "assertion of training-and experience-based knowledge" to support sufficient nexus). The affidavit related that investigators observed Hudson entering the residence with a key, then leaving his home on foot to conduct a suspected drug sale about a block away. *See United States v. Grossman*, 400 F.3d 212, 218 (4th Cir. 2005) (noting that "it is reasonable to suspect that a drug dealer stores drugs in a home to which he owns a key."). The affiant investigator described a subsequent encounter with a cooperating witness who corroborated purchasing methamphetamine from Hudson and also revealed that Hudson had previously sold drugs in that same area during the preceding month or two. *Cf. United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993) (observing that "magistrate might have been able to draw an inference from the proximity of the drug sales to [the defendant's] residence," if warrant affidavit had provided such geographical information).

Considering the totality of this information, the affidavit was not so lacking in indicia of probable cause as to render reliance on the warrant entirely unreasonable. *See Williams*, 548 F.3d at 319 (applying *Leon* good faith exception to uphold search of target's residence "on the basis of (1) evidence of the suspects' involvement in drug trafficking combined with (2) the reasonable suspicion (whether explicitly articulated by the applying officer or implicitly arrived at by the magistrate judge) that drug traffickers store drug-related evidence in their homes."). There is no basis to conclude here that "a reasonably well trained officer would have known that the search [of the residence] was illegal despite the [state judge's] authorization." *Leon*, 468 U.S. at 922 n.23. Finally, we reject Hudson's contention that the magistrate judge acted as a "rubber stamp" for the police in issuing a warrant based on a "bare bones" affidavit. Even though the evidence could have been construed in more than one way, the affidavit contained sufficient details to support the magistrate's issuance of the warrant.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*